UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM TOY,<br><br>          Plaintiff,<br><br>    v.<br><br>LINDA FLOWERS, et al.,<br><br>          Defendants. | No. 2:18-cv-01881-KJM-CKD<br><br><br>ORDER |

On July 3, 2018, defendant Linda Flowers, proceeding pro se, removed this unlawful detainer action from San Joaquin County Superior Court. ECF No. 1. Flowers also filed a motion to proceed in forma pauperis. ECF No. 2. On July 9, 2018, Flowers filed an "appeal from writ of possession" contending her "civil right to be 'heard' has been denied and [she] raises issues that only can be determined by this court." ECF No. 3 at 3; *see* ECF No. 4 (notice to superior court to "cease and desist from continuing the writ of possession in this court"); ECF No. 5 (notice to state court that this case has been "appeal[ed] to the United States Court of Appeals for the 9th Circuit"). Having reviewed defendant's notice of removal and subsequent findings, the court finds it lacks subject matter jurisdiction and sua sponte REMANDS this action to state court.

District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the

1

longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). To invoke federal question jurisdiction, a complaint must establish "either that (1) federal law creates the cause of action or that (2) plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (citation omitted).

Flowers' Notice of Removal asserts the court has federal question jurisdiction over this unlawful detainer action because the state court judge denied her a fair hearing and ruled against her without considering the record after she failed to appear at a scheduled hearing. ECF No. 1 at 5. She attaches four documents to her notice of removal: (1) her ex parte motion to set aside writ of possession filed on June 25, 2018 in state court, *id.* at 8-11; (2) her letter to plaintiff, dated December 3, 2017, stating Flowers will make only "partial payments" because plaintiff had not repaired housing defects, with attached pictures, *id.* at 12-13; (3) a June 29, 2018 minute order from the state court denying Flowers' ex parte motion after hearing, *id.* at 14; and (4) a June 21, 2018 minute order finding judgment for plaintiff, *id.* at 15. In her "appeal" brief, she contends her Fifth and Fourteenth Amendment rights were violated because the state court declined to set aside her writ of possession and did not provide a court reporter or otherwise record the hearing. ECF No. 3 at 6-7. She requests this court set aside the writ of possession, order a new trial and award her damages if "a new trial determines . . . [her] tenant's rights have been violated . . . ." ECF No. 3 at 7-8.

This court lacks jurisdiction to hear this case. Flowers has not provided the state court complaint in any of her filings in this court, but her allegations make clear she is attempting to remove an unlawful detainer action. Unlawful detainer claims sound clearly and exclusively in state law and Flowers does not indicate that plaintiff alleged a single federal claim that could support this court's jurisdiction. *See PNC Bank Nat'l Ass'n v. Ahluwalia*, No. 15-cv-01264 WHA, 2015 WL 3866892, at *4 (N.D. Cal. June 22, 2015) ("Unlawful-detainer claims do not arise under federal law and, without more, the court lacks federal-question jurisdiction.")

(collecting cases). Moreover, although defendants may remove certain civil actions from state courts under 28 U.S.C. § 1443(1), removal under that statute is appropriate only where the defendant (1) "assert[s] as a defense to the [action], rights that are given to [her] by explicit statutory enactment protecting equal racial civil rights" and (2) "assert[s] that the state courts will not enforce that right." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006) (citation and internal quotation marks omitted). Here, Flowers' filings do not contain a single reference to race, precluding application of § 1443(1). *See CIC v. Villa*, No. 216CV08243ODWAS, 2016 WL 6808119, at *2 (C.D. Cal. Nov. 17, 2016) (remanding removed unlawful detainer action where defendant's "brief [did not] implicate race in any way").

Finally, Flowers purports to appeal the state court's writ of possession, but this court lacks appellate jurisdiction over the state court's decision and the *Rooker-Feldman* doctrine precludes the court from granting Flowers the relief she seeks. *See Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (holding a losing party in state court is barred from seeking "what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights") (citation and internal quotation marks omitted); *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) ("*Rooker-Feldman* prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment.").

Because Flowers has not established a basis for the court's jurisdiction, the court must remand this case. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966-67 (9th Cir. 2004) (holding a federal court has an independent duty to assess whether federal subject matter jurisdiction exists).

For the foregoing reasons, this case is REMANDED to San Joaquin County Superior Court, and defendant's motion to proceed in forma pauperis is DENIED as moot.

IT IS SO ORDERED.

DATED: July 19, 2018.

UNITED STATES DISTRICT JUDGE