UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM TOY, | No. 2:18-cv-01881-KJM-CMK |
| Plaintiff, | |
| v. | ORDER |
| LINDA FLOWERS, et al., | |
| Defendants. | |

On July 3, 2018, defendant Linda Flowers, proceeding pro se, removed this unlawful detainer action from San Joaquin County Superior Court. ECF No. 1. On July 23, 2018, having reviewed defendant's notice of removal and her three subsequent filings, the court determined it lacked subject matter jurisdiction and sua sponte remanded this action to state court. Remand Order, ECF No. 13. Three days later, Flowers moved for reconsideration. Mot., ECF No. 15.

A motion for reconsideration may be properly analyzed under either Rule 59(e) or Rule 60(b). *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989). Because this motion was filed just three days after the order it seeks to reconsider, the motion is treated as a Rule 59(e)

motion.  *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001).

There are four basic grounds upon which a Rule 59(e) motion may be granted: (1) To correct manifest errors of law or fact; (2) to allow presentation of newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) to account for an intervening change in controlling law.  *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)).  No matter the basis, "amending a judgment after its entry remains an extraordinary remedy which should be used sparingly." *Allstate*, 634 F.3d at 1111 (quotations omitted).

Here, the basis for Flowers's motion is that "the Judge was not privy to crucial evidence . . . that she was living in substandard conditions and withheld rent legally as per landlord/tenant law."  Mot. at 2.  To support her request, Flowers attaches photos of a broken front door knob, a broken lock, black mold and water leakages.  ECF No. 15 at 4-15; ECF No. 16 at 5-6.

Flowers has not explained how the new photographs affect this court's conclusion that it lacks jurisdiction.  In its remand order, the court explained Flowers's "allegations make clear she is attempting to remove an unlawful detainer action. Unlawful detainer claims sound clearly and exclusively in state law and Flowers does not indicate that plaintiff alleged a single federal claim that could support this court's jurisdiction." Remand Order, at 2 (citation omitted).  In asking this court to reconsider, Flowers does not mention jurisdiction at all, let alone explain how the additional evidence bears on the court's ability to exercise jurisdiction.  Because Flowers has not satisfied Rule 59(e)'s standards for reconsideration, her motion is DENIED.

IT IS SO ODERED

This resolves ECF No. 15.

DATED: August 6, 2018.

_____
UNITED STATES DISTRICT JUDGE

2